UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY R. JUBACK,

      Plaintiff,

vs.                              Case No. 8:14-cv-00913-T-27EAJ

MICHAELS STORES, INC.,

      Defendant.

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss and to Strike (Dkt. 8), which Plaintiff opposes (Dkt. 10). Upon consideration, the motion (Dkt. 8) is GRANTED *in part* and DENIED *in part*.

### I.    INTRODUCTION

While employed by Defendant Michaels Stores, Inc., Plaintiff Timothy Juback twice "severly" injured himself on the job (Dkt. 1 ¶¶ 6, 8, 11, 12). After the first injury, Juback's supervisor instructed him not to file a workers' compensation claim because it would impact the company's finances, a warning Juback heeded (*id.* ¶ 9). Immediately after the second injury, Juback was provided a workers' compensation provider list, and he visited a physician the following day (*id.* ¶¶ 12, 13). Despite his supervisor's knowledge of the doctor's appointment, Juback received an email requiring him to be available for a discussion of "performance issues" the day after his second injury (*id.* ¶ 14). Juback eventually spoke with his supervisor later that day. The supervisor, John Roberts, emailed Juback a document to be discussed on the call, which Roberts characterized as a

1

"final warning" for Juback's violations of Michaels policy (*id.* ¶ 15). On the call, Roberts insisted that Juback quickly read and sign the "Final Warning" document, or he would be fired (*id.* ¶¶ 16, 17).

The next week, on September 12, 2013, a physician informed Juback the he may have cervical spine damage and insisted that Juback schedule an appointment with a spinal surgeon (*id.* ¶ 18). The physician then completed a workers' compensation report and cleared Juback to return to work as long as (1) he did not travel by plane, and (2) he did not travel by car for more than fifty miles without extended breaks (*id.* ¶ 19). After Juback conveyed the limitations to Roberts, he was "berated" for not being able to travel on a previously arranged work trip (*id.* ¶ 20). On September 30, twenty-five days after suffering the second injury, Roberts terminated Juback "without cause, reason, or notice" (*id.* ¶ 21). After he was terminated, Juback provided his final mileage and expense report to Roberts, but Michaels has not fully reimbursed him (*id.* ¶¶ 24, 25).

Juback filed this lawsuit, alleging four main claims and two in the alternative. Count I alleges "Coercion" in violation of § 440.205, *Florida Statutes*. Count II alleges retaliatory discharge in violation of § 440.205, *Florida Statutes*. Count III alleges "Interference With, Restraint, and Denial of Family Medical Leave Act Rights," in violation of 29 U.S.C. § 2615. And Count IV is titled a "Violation of Chapter 448 of the Florida Statutes." In the alternative, Juback alleges unjust enrichment (Count V) and breach of implied contract (Count VI). Michaels moves to dismiss the Complaint as a shotgun pleading. It also moves to dismiss Counts I, III, IV, V, and VI on individual grounds for failure to state a claim. Finally, Michaels moves to strike the claims for attorneys' fees in Counts I and II, and the claims for pain and suffering, mental distress, and punitive damages in Count III.

2

## II.   STANDARD

A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require detailed factual allegations, but it demands more than an unadorned, conclusory accusation of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The complaint must contain enough facts to make a claim for relief plausible on its face." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324-25 (11th Cir. 2012). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

Although it is axiomatic that the Court must accept as true all of the allegations contained in the complaint, this tenet is "inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III.   DISCUSSION

### A.   The Complaint Is Not a Shotgun Pleading.

Michaels first argues that the Complaint should be dismissed as a shotgun pleading. While Juback may have inartfully pleaded his claims by incorporating all twenty-five introductory paragraphs into each count, it cannot be said, as Michaels argues, that this pleading method "obfuscates" the factual basis for each claim (Dkt. 8 at 2). Rather, it is possible to determine "which

allegations of fact are intended to support which claim(s) for relief." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). Juback therefore puts Michaels on fair notice of the claims against it.

### B.    Count I - "Coercion" in Violation of § 440.205

Section 440.205, Fla. Stat., prohibits employers from "discharg[ing], threaten[ing] to discharge, intimidat[ing], or coerc[ing] any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Michaels argues that this claim rests on "naked assertions devoid of further factual enhancement" and therefore should be dismissed. To the contrary, the Complaint contains sufficient factual allegations, when taken in the light most favorable to Juback, to plausibly state a claim that Juback was "coerce[d]" by Michaels with regard to his claim for workers' compensation (*see* Dkt. 1 ¶¶ 9, 12, 15-17, 19-21).

### C.    Count III - FMLA Interference

The FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the FMLA; and retaliation claims, in which an employee asserts that his employee discriminated against him because he engaged in activity protected by the FMLA. *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012); *Shelton v. Price Waterhouse Coopers, LLP*, No. 8:12-cv-02757-T-27TBM, 2014 WL 2581348, at *1 (M.D. Fla. May 2, 2014) (Whittemore, J.); *see* 29 U.S.C. 2615(a). Juback asserts only an interference claim.

Employers are prohibited from "interfering with, restraining, or denying the exercise of (or

attempts to exercise) any rights" protected by the FMLA. 29 C.F.R. § 825.220(a)(1). Interference includes refusing to authorize FMLA leave, discouraging the use of FMLA leave, manipulation to avoid responsibilities under the FMLA, and changing the essential functions of the job in order to preclude the taking of leave. *Id.* § 825.220(b). To state a *prima facie* interference claim, Juback must allege that he was denied a benefit to which he was entitled under the FMLA. *Pereda*, 666 F.3d at 1274. He has not done so. Although Juback alleges that Michaels interfered with his FMLA rights by not informing his of those rights, he has not alleged that Michaels' failure to provide him with such information prejudiced him in any way. *See Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 764 (7th Cir. 2008) (employer entitled to summary judgment on interference claim where employee did not allege that employer's initial failure to provide FMLA information resulted in prejudice) (citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 90-91 (2002)).

Juback contends that he has sufficiently alleged prejudice by alleging that "Michaels interfered with Juback's right to take FMLA leave by verbally abusing him for the injury and terminating him in violation of 29 U.S.C. § 2615" (Dkt. 1 ¶ 44). There is nothing in the Complaint, however, alleging that Michaels' failure to provide Juback with FMLA information *resulted in* verbal abuse or termination. Indeed, such an inference is implausible.

In addition, Juback does not allege a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is an injury that involves "continuing treatment by a health care provider." 29 U.S.C. § 2611(11)(B). Juback argues that he alleges a serious health condition requiring "continuing treatment" because he saw a physician twice in one week. Under the regulations enforcing the FMLA, however, "continuing treatment" includes (a) a "period of incapacity of more

5

than three consecutive, full calendar days," (b) a period of incapacity due to pregnancy or prenatal care, (c) a period of incapacity or treatment due to a chronic serious health condition, (d) a period of incapacity which is permanent or long-term due to a condition for which treatment may not be effective, or (e) a period of absence to receive multiple treatments. 29 C.F.R. § 825.115. Juback's allegations do not fit into any of the categories.

Because Juback has not alleged prejudice resulting from Michaels' alleged interference or a "serious health condition" requiring "continuing treatment," Count III is due to be dismissed.

### D.    Count IV - "Violation of Chapter 448 of the Florida Statutes"

This Count is impermissibly vague. Juback appears to argue that § 448.08 creates a cause of action for unpaid wages, but that argument is not supported by the plain text of the statute. Section 448.08 states, in full, "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." § 448.08, Fla. Stat. The statute does not appear to create a cause of action for unpaid wages, and such an interpretation is not supported by Florida law. *See Joseph v. Commonwealth Land Title Ins. Co.*, 707 So. 2d 376, 377 (Fla. 5th DCA 1998) ("[S]ection 448.08 . . . allows a court to award attorney's fees to the prevailing party in an action for unpaid wages."). The cases cited by Juback indicate that there exists a Florida common law claim for "unpaid wages," but Juback's pleading of Count IV renders it unclear whether this is the claim he asserts. *See, e.g., Elder v. Islam*, 869 So. 2d 600, 601-02 (Fla. 5th DCA 2004) (defining "wages" for the purposes of an unpaid wages claim); *McRae v. Douglas*, 644 So. 2d 1368, 1371 n.1 (Fla. 5th DCA 1994) (characterizing claim as "a common law action for recovery of unpaid wages ").[1]

---

[1]It is likewise unclear whether unpaid reimbursement for mileage and other expenses constitute "unpaid wages" for the purposes of § 448.08. *See Elder*, 869 So. 2d at 601-02 (defining "wages" as all compensation paid by an employer for the performance of service by an employee, including periodic salary, sales commissions, bonuses, severance pay, vacation pay, dismissal wages, reasonable value of board, tips, stock options, royalties, and any other similar advantage

Accordingly, Count IV must be dismissed because it fails to put Michaels on fair notice of the claim asserted. If Juback intends for Count IV to be a common law action for unpaid wages, he must plead it as such.

### E.  Counts V & VI - Unjust Enrichment and Implied Contract

Michaels argues that Counts V and VI should be dismissed because they are equitable claims and Juback has failed to plead that there is no available legal remedy. These claims are adequately pleaded in the alternative, however. Fed. R. Civ. P. 8(a)(3), 18(a); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508 (1959).

### F.  Motion to Strike

Michaels moves to strike the demands for attorneys' fees in Counts I and II, and the claim for "emotional" and punitive damages in Count III. Juback did not respond to the motion to strike, and it is therefore deemed unopposed. Because attorneys' fees are not available under § 440.205, and emotional and punitive damages are not available under the FMLA, the motion is due to be granted. *See Flores v. Roof Tile Admin., Inc.*, 887 So. 2d 360, 361 (Fla. 3d DCA 2004) (Chapter 440 does not provide for attorneys' fees); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999) (FMLA does not allow recovery for emotional distress); *Farrell v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 530 F.3d 1023, 1025 (9th Cir. 2008) ("well-settled" that the FMLA does not provide for recovery of punitive damages).

---

received from the individual's employer or directly with respect to work for him); *Black's Law Dictionary* 1416 (5th ed. 1979) ("Term [wages] should be broadly defined and includes not only periodic monetary earnings but all compensation for services rendered without regard to manner in which such compensation is computed."); *Black's Law Dictionary* 767 (3d pocket ed. 2006) (defining "wage" as "[p]ayment for labor or services, [usually] based on time worked or quantity produced").

7

Accordingly,

1) Defendant's Motion to Dismiss and to Strike (Dkt. 8) is **GRANTED** *in part* and **DENIED** *in part*.

2) Counts III and IV are **DISMISSED** *without prejudice*.

3) The references to attorneys' fees in Counts I and II, and the reference to punitive damages in Count III, are **STRICKEN**.

4) In all other respects, the motion is **DENIED**.

5) Plaintiff is **GRANTED** leave to file an amended complaint **on or before August 8, 2014**.

**DONE AND ORDERED** this 22ⁿᵈ day of July, 2014.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record

8