## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TIMOTHY R. JUBACK,**

      **Plaintiff,**

**vs.**                                                                    **Case No. 8:14-cv-00913-T-27EAJ**

**MICHAELS STORES, INC.,**

      **Defendant.**

_____/

### CONFIDENTIALITY ORDER

IT IS HEREBY ORDERED that the following restrictions and procedures shall apply to information designated as confidential during the course of this litigation:

1. "Confidential Information" means confidential or proprietary information, including without limitation confidential research, development, commercial, marketing, financial, or other information, as well as personal or private confidential information, whether electronically stored or not, that a party to this case (i) produces to any party to this case, whether directly or through counsel, and (ii) designates as confidential pursuant to paragraph 2 of this Order.

2. Confidential Information may be designated solely as follows:

    a. For written or documentary information, by labeling each page containing Confidential Information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in which case all of the information on the page shall be deemed Confidential Information;

    b. For electronic information, by identifying in writing any file names containing

1

Confidential Information, designating the Confidential Information as either

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," and reasonably describing the location of the Confidential Information

within each such file; or

c. For deposition testimony by identifying the Confidential Information on the

record as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," or, within fourteen days of the deposition, serving

all other parties written notice of the pages and line numbers containing the

Confidential Information and designating the Confidential Information as either

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY."

3. The designation of Confidential Information pursuant to this Order shall not have any

bearing on whether such documents or information shall be ultimately adjudicated on the merits

to be confidential or otherwise protected from disclosure.

4. Confidential Information shall be used solely and exclusively for purposes of

preparation and litigation of this civil action in accordance with the provisions of this Order.

A party receiving Confidential Information shall not use it in or for other cases, proceedings,

or disputes, or for any commercial, business, competitive, or any other purpose whatsoever.

This paragraph shall not restrict any party's or non-party's ability to pursue and obtain

confidential information in any other legal proceeding under applicable rules of court in such

other legal proceedings.

5. Regardless of a confidentiality designation under this Order, Confidential Information

shall not include information that:

> (i) was disclosed in a printed publication, is otherwise in the public domain or in public knowledge at the time of disclosure, or becomes known publicly through no wrongful act on the part of the receiving party;

> (ii) becomes part of the public domain, by publication or otherwise after disclosure, except by breach of this Order by the receiving party; or

> (iii) is obtained by the receiving party from another source that has a right to disclose it to the receiving party, without restriction on disclosure and/or use;

6. In the event that Confidential Information is required by law or order of a government agency to be disclosed, the designating party shall be notified in writing at least ten days prior to such disclosure to enable the designating party to take any appropriate actions as it sees fit under the circumstances. In addition, the party receiving such a request for disclosure shall seek and secure confidential treatment of Confidential Information so disclosed, to the fullest extent permitted under applicable law and/or regulation, and shall disclose no more than is absolutely necessary under such law or government order.

7. The party receiving Confidential Information and its counsel shall maintain Confidential Information in a secure and appropriate place.

8. Whenever a party objects to the designation of Confidential Information, it must notify opposing counsel, in writing, within thirty days of its receipt of such designation, setting forth the reasons supporting such objection. The designating party shall respond in writing to any such notification by either (i) withdrawing such classification with respect to such Confidential Information; or (ii) stating that it refuses to do so and the reasons for its refusal.

9. Confidential Information designated as "CONFIDENTIAL" may be disclosed only to the following:

> a. Counsel of record for the respective parties to this litigation, including associate attorneys, paralegals, and clerical staff for such parties;
>
> b. Subject to a written agreement, in substantially the same form as **Exhibit "A"** attached, to abide by the terms of this Order, potential or actual consulting and/or testifying experts and their staff, so long as the recipient of the information is not a current or former employee or
>
> consultant of a party;
>
> c. Subject to a written agreement, in substantially the same form as **Exhibit "A"** attached, to abide by the terms of this Order, deponents to the extent necessary for their testimony.

Any and all individuals under 10(b) and 10(c) must be fully apprised of this Confidentiality Order and agree in writing, in substantially the same form as **Exhibit "A"** attached, or under oath at deposition or trial to be bound by the terms of this Order.

10. Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following:

> a. Counsel of record for the respective parties to this litigation, including associate attorneys, paralegals, and clerical staff for such parties, and in house counsel and legal staff in the case of corporations or other entities that are parties to this action.

11. Within thirty (30) days of the conclusion of this case, including any appellate

4

proceedings, each party shall return or destroy all Confidential Information that it received from another party and any copies of such Confidential Information.

12. The inadvertent disclosure of privileged information or Confidential Information by the designating party shall not be construed as a waiver, in whole or in part, of the privilege or the confidentiality of the information, either as to the specific information disclosed or as to any other information relating thereto.

13. A non-party to this case responding to a subpoena issued in this case, whether for testimony or documents or both, may elect in writing to abide by the terms of this Order, receive the benefits of this Order, and satisfy any obligations under this Order as if it were a party to this case, and if it does so, then shall be bound by the terms of this Order.

**DONE AND ORDERED** this _24th_ day of September, 2014.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record

5

"EXHIBIT A"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TIMOTHY R. JUBACK, an individual,**

    **Plaintiff,**

**v.**                                  **CASE NO. 8:14-CV-00913-T-27-EAJ**

**MICHAELS STORES, INC.,**

    **Defendant.**

_____/

### Notice of Confidentiality Agreement and Consent to be Bound

      I hereby certify my understanding that information designated as "CONFIDENTIAL" is provided to me pursuant to the terms and restrictions of the AGREED ORDER OF CONFIDENTIALITY entered _____, 2014, (the "Order") in the above-captioned case, that I have been given a copy of and have read the said Order, and that I am familiar with all the terms of the said Order. I submit to the jurisdiction of this Court for enforcement thereof. I agree to use any "Confidential Information" disclosed to me pursuant to that Order solely for purposes of this case as presently constituted and I further agree not to disclose any such "Confidential Information" to any person, or concern who is not so qualified under the Order without the advance express written consent of the parties or after further express Order of the Court.

DATE:_____         SIGNED: _____